NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARNELL TREADWAY,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7124

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1505, Judge William A Moorman.

---

Decided: December 9, 2010

---

DARNELL TREADWAY, Garland, Texas, pro se.

DAVID D'ALESSANDRIS, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, and JEANNE E. DAVIDSON, Director, and

HAROLD D. LESTER, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MICHAEL G. DAUGHERTY, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before GAJARSA, PROST, and MOORE, *Circuit Judges.*

PER CURIAM.

Darnell Treadway appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the March 28, 2008 decision of the Board of Veterans' Appeals ("Board") denying Mr. Treadway's claim for an increased rating for service connection for calluses of the feet and secondary service connection for disabilities of the back, knee, hip, ankle, and hypertension. *Treadway v. Shinseki*, No. 08-1505 (Vet. App. June 30, 2010). We *dismiss* the appeal for lack of jurisdiction.

## BACKGROUND

Mr. Treadway served in the United States Army from October 1984 to October 1977 and from October 1989 to April 1992. A Department of Veterans Affairs ("VA") regional office ("RO") granted Mr. Treadway service connection for bilateral foot calluses in March 2003, but found his disability noncompensable. Mr. Treadway appealed that decision and the RO issued a deferred rating decision, finding that Mr. Treadway raised secondary service connection claims regarding his back, knee, hip, ankle, and hypertension. In August 2003, the RO continued the noncompensable rating for Mr. Treadway's service connected foot calluses and denied all of his secondary service connection claims. In December 2004, the

RO increased Mr. Treadway's rating for service connection for bilateral foot calluses to ten percent and affirmed the denial of the asserted secondary service connection claims. In October 2005, the RO denied Mr. Treadway's application for an increased rating for service connected foot calluses. Mr. Treadway appealed this denial and the denial of his secondary service connection claims to the Board.

In March 2008, after considering the evidence in the record, the Board denied Mr. Treadway's claim for a disability rating in excess of ten percent for his foot calluses and his claims for secondary service connection for disabilities of the back, knee, hip, ankle, and hypertension. Based on the application of the rating criteria to the facts of Mr. Treadway's case, the Board concluded that the evidence did not show that Mr. Treadway was entitled to an increased disability rating for his foot calluses. The Board then evaluated Mr. Treadway's claims and evidence presented for secondary service connection and found that the medical evidence did not support his claims.

Mr. Treadway appealed the Board decision to the Veterans Court, challenging the ten percent rating for his foot calluses and arguing that his secondary injuries were all caused by these foot calluses. In June 2010, the Veterans Court affirmed the Board's decision. The Veterans Court concluded that the medical evidence supported the Board's denial of an increased disability rating. The Veterans Court also concluded that the evidence in the record supported the Board's factual findings and denial of Mr. Treadway's secondary service connection claims.

DISCUSSION

On appeal, Mr. Treadway contends that the Veterans Court erred in denying his claim for a disability rating in excess of ten percent for his foot calluses and his secondary service connection claims for disabilities of the back, hip, knee, ankle, and hypertension. Specifically, Mr. Treadway's argues that the Veterans Court failed to consider all of the evidence. Mr. Treadway asks this court to review his case on the merits and consider all of the evidence presented.

"Our jurisdiction to review the decisions of the CAVC is limited by statute." *Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000). While this court is authorized to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," we cannot adjudicate "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless a constitutional issue is presented. 38 U.S.C. § 7292(d).

In the instant case, Mr. Treadway does not contend that the Veterans Court decision involved the validity or interpretation of a statute or regulation. Rather, Mr. Treadway's arguments would require this court to review the evidence in the record on the merits. We are not authorized by Congress to review a challenge to a factual determination or to a law or regulation as applied to the facts of a particular case except to the extent that an appeal presents a constitutional issue. *See* 38 U.S.C. § 7292(d)(2). Because Mr. Treadway does not raise a constitutional issue that provides a basis for our court to hear his case, we lack jurisdiction over his appeal.

Costs

Each party shall bear its own costs.

**DISMISSED**